WILLIAM F. GIBSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gibson v. Commissioner
Docket No. 34598-84.
United States Tax Court
T.C. Memo 1985-618; 1985 Tax Ct. Memo LEXIS 14; 51 T.C.M. (CCH) 143; T.C.M. (RIA) 85618; December 18, 1985. Charlotte D. Sennot, for the respondent. SCOTT *15 MEMORANDUM OPINION SCOTT, Judge: This case was called from the calendar for trial at Tampa, Florida, on October 21, 1985, and recalled on October 22, 1985. There was no appearance by or on behalf of petitioner. On October 22, 1985, respondent filed a Motion to Dismiss for Lack of Prosecution and requested that damages be awarded to the United States pursuant to section 6673 of the Internal Revenue Code. [1]
At the trial, the Court stated that respondent's Motion to Dismiss for Lack of Prosecution would be granted and that the deficiencies and additions to tax as determined in the notice of deficiency would be sustained, and took respondent's motion for the awarding of damages to the United States under advisement. The record shows that respondent determined deficiencies in petitioner's income tax and additions to tax for the calendar years 1980 and 1981 in the amounts as follows: Deficiency
Additions to Tax, I.R.C. 1954
in
Sec.
Sec.
Sec.
Sec.
Sec.
Year
Income Tax
6651(a)(1)
6653(a)
6653(a)(1)
6653(a)(2)
6654
1980
$4,395.00
$1,098.75
$219.75
$280.61
1981
5,464.00
1,366.00
273.20
*
419.75
*16 Respondent in his notice of deficiency to petitioner informed petitioner that wages are income under section 61(a)(1) and section 1.61-2, Income Tax Regs. He referred petitioner to the cases of Lonsdale v. Commissioner,661 F.2d 71 (5th Cir. 1981), affg. a Memorandum Opinion of this Court; Hebrank v. Commissioner,T.C. Memo. 1982-496; and Herzog v. Commissioner,T.C. Memo. 1982-133. The deficiency notice informed petitioner that if he continued to advocate and assert the contention that wages are not taxable income or any other frivolous or groundless positions in a Tax Court proceeding, respondent would seek an award of damages under section 6673. In his petition filed from the determination of deficiencies and additions to tax contained in respondent's notice of deficiency, petitioner alleged that the determination was based on respondent's erroneous determination that compensation he received in 1980 and 1981 was gross income, that petitioner was not entitled to a refund of all withholding credits for the calendar years 1980 and 1981, and that petitioner received wages as defined *17 in the Internal Revenue Code, sections 3121(a) and 3401(a) for the calendar years 1980 and 1981. Petitioner further alleged that the Commissioner erred in his determination that any part of any alleged underpayment of tax required to be shown on the returns for the calendar years 1980 and 1981 was due to fraud. In his factual allegations, petitioner stated that he is an individual and that he exchanged his labor for money, and this exchange constitutes a conversion of a capital asset of equal value resulting in no profit to petitioner. Although petitioner alleged error in respondent's determining that petitioner was liable for an addition to tax for fraud, the deficiency notice is clear that respondent did not determine an addition to tax for fraud. Respondent did determine additions to tax for failure to timely file a return and for negligence, and for underpayment of estimated tax. However, these determinations are not comparable to a determination of fraud. Petitioner clearly was knowledgeable that his position with respect to wages not constituting income was frivolous at the time he filed his petition, since he had been referred to several cases *18 by respondent that stated this fact. We therefore conclude that petitioner's position in this proceeding is frivolous and groundless. We further conclude that petitioner instituted this proceeding primarily for delay and maintained it primarily for delay. Although petitioner did not appear at the trial, the filing of a petition on a frivolous basis for the purpose of delay is not excused by petitioner's failing to appear at trial and having the petition dismissed and the deficiencies determined by respondent sustained because of this failure. We have examined the deficiency notice with care to determine whether petitioner reasonably could have concluded from this notice that respondent had determined that a part of his underpayment of tax in either of the years here involved was due to fraud with intent to evade tax. We conclude that although respondent in the notice of deficiency referred to each addition to tax as a "penalty," it was clear that these additions were for delinquency and negligence and failure to pay estimated tax and not for fraud. In fact, the notice used the word "delinquency" in connection with the section 6651(a)(1) addition, "negligence" in connection with *19 sections 6653(a), 6653(a)(1) and 6653(a)(2) additions, and "estimated tax" in connection with section 6654 additions. In the petition the additions to tax for failure to timely file the returns, for negligence and for underpayment of estimated tax were not placed in issue. Therefore we need not consider whether such an allegation would cause us to question whether the proceeding was instituted and maintained solely for delay. There was no addition to tax for fraud determined or alleged by respondent and therefore the allegation with respect to fraud in the petition is itself frivolous. Fraud must be determined or alleged by respondent and is an issue on which respondent bears the burden of proof. Based on this record, we award damages to the United States for the calendar year 1980 in the amount of $2,000 and for the calendar year 1981 in the amount of $3,000. An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise stated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue.↩
*. 50% of the interest due on $5,464.00↩